UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

GABRIEL MARTIN
VS.
INTERNATIONAL PAPER COMPANY

NO. 1:92-CV369

| FILING DATE | DEPUTY CLERK |
|---|---|
| | |

* * * * * * * * * * * * * * * * * *

## STIPULATION AND ORDER OF COURT

WHEREAS, pursuant to L.R.S. 9:2715, et. seq. (the "Act"), this cause came before the Court upon the Ex Parte Petition (the "Petition" or "Application") filed by counsel for 321 Henderson Receivables Limited Partnership ("321 Henderson" or "Transferee") for Transfer of Structured Settlement Rights of Gabriel Martin a/k/a Gabriel M. Martin a/k/a Gabriel Matthew Martin ("Payee" or "MARTIN") to 321 Henderson;

WHEREAS, Transamerica Annuity Service Corporation ("Structured Settlement Obligor" or "TASC"), as owner of the structured settlement annuity No. 941969TO01Z (the "Annuity") and Transamerica Occidental Life Insurance Company ("Annuity Issuer" or "TOLIC"), as issuer of the Annuity, have not objected to the proposed transfer (Structured Settlement Obligor and Annuity Issuer are sometimes collectively referred to as "Transamerica"); and

NOW, THEREFORE, UPON HEARING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1. The Recitals are incorporated herein by reference and made a part of this Stipulation and Order of Court (the "Stipulation and Order").

2. The Court has jurisdiction over this matter and the laws of the State of Louisiana apply and govern this matter.

**STIPULATION AND ORDER OF COURT** -- Page 1 of 7          NO. 1:92-CV369

3.    After a notice, and at least twenty day's after the filing of the Petition and testimony by the Payee, either in person, by affidavit or telephonically, the Court finds that:

A.    The Court finds, and Payee and 321 Henderson represent and warrant, that at least twenty days prior to the issuance of this Stipulation and Order the Transferee filed the Petition for transfer with the caption "Ex Parte Petition for Transfer of Structured Settlement Rights by 321 Henderson". The Transferee included with the Petition, a copy of the Transferee's application, a copy of the transfer agreement, which is referred to in the Petition as the Purchase Agreement (the "Purchase Agreement" or "Transfer Agreement") and was signed and dated by the Payee on October 13, 2004, and a disclosure statement (the "Disclosure Statement") to the Payee in bold type, no smaller than 14 points, acknowledged by the Payee specifying the following:

(1)    The payments which are the subject of this proceeding and the transaction at issue include, to-wit: 116 monthly payments of **$100.42** each, beginning on 12/1/2004 and ending on 7/1/2014 (all the foregoing are referred to as the "Transferred Payments");

(2)    The aggregate amount of the payments is **$11,648.72**;

(3)    The discounted present value of the payments is **$9,404.84**, together with the discount rate of **4.6%** used in determining the discounted present value;

(4)    The gross amount payable to the Payee in exchange for the payments is **$4,674.39** and an itemized listing of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, referral fees, administrative fees, legal fees, notary fees, and other commissions, fees, costs, expenses, and charges payable by the Payee or deductible from the gross amount otherwise payable to the Payee is as follows:

- Compliance and administration fee **$500.00**;

(5)    The net amount payable to the Payee after deduction of all commissions, fees, costs, expenses, and charges described in subparagraph (4) of this paragraph is **$4,174.39**;

(6) The quotient, expressed as a percentage, obtained by dividing the net payment amount by the discounted present value of the payments, which shall be disclosed in the following statement: "the net amount that you will receive from us in exchange for your future structured settlement payments represents **44.4%** of the estimated current value of the payments";

(7) The effective annual interest rate, which rate shall be disclosed in the following statement: "based on the net amount that you will receive from us and the amounts and timing of the structured settlement payments that you are turning over to us, you will, in effect, be paying interest to us at a rate of **29.45%** per year"; and

(8) The amount of any penalty and the aggregate amount of any liquidated damages, including penalties, payable by the Payee in the event of a breach of the Transfer Agreement by the Payee (which there are none);

B. The Court finds, and 321 Henderson and the Payee represent and warrant, that:

(1) MARTIN has been advised in writing by the Transferee to seek independent professional advice regarding the legal, tax, and financial implications of the transfer received such advice from Charles White, Esq., whose office is located in Baton Rouge, Louisiana;

(2) The Transferee disclosed to the Payee the discounted present value, which is **$9,404.84**;

(3) That all costs of court for filing the Petition under the Act have been paid by the Transferee.

(4) Except as expressly provided for in this Stipulation and Order, the Transferred Payments is not subject to the claims of any person or entity;

(5) The Transferred Payments has not been sold, pledged or alienated in any way;

(6) MARTIN is not married and has the following dependents, as that term is defined by the Act: none;

(7) MARTIN is not required by a court order, judgment, or decree to pay child support or alimony; and

      (8)    MARTIN hereby confirms he received a copy of the Disclosure Statement as evidenced by his signature on a copy of the Disclosure Statement.

C.    The Transfer Agreement provides that if the Payee is domiciled in this state, any disputes between the parties will be governed, interpreted, construed, and enforced in accordance with the laws of this state and that the domicile state of the Payee is the proper place of venue to bring any cause of action arising out of a breach of the agreement.

D.    The Transferee has given written notice of the Transferee's name, address, and taxpayer identification number to the Annuity Issuer and the Structured Settlement Obligor.

E.    The Payee has received independent professional advice regarding the legal, tax, and financial implications of the transfer.

F.    That the transferee disclosed to the Payee the discounted present value.

G.    That all costs of court for filing the Petition under the Act shall be paid by the Transferee.

H.    The transfer of the Transferred Payments is in the best interest of the Payee, taking into account the welfare and support of the Payee's dependents.

I.    The Transfer Agreement does not authorize Transferee or any other party to confess judgment or consent to entry of judgment against Payee.

J.    The Court also finds that the Structured Settlement Annuity was not funded out of payments purchased pursuant to a Settlement of Workers' Compensation Claims.

K.    The proposed transfer complies with all requirements of the Act and does not contravene applicable law or federal or state statute or the order of any court or responsible administrative authority or give effect to a transfer of structured settlement payment rights that is invalid under applicable law.

Without limiting the foregoing, the Court finds that this Stipulation and Order does not contravene the following order(s) relating to the prior transfer(s) of certain structured settlement payment rights due under the Annuity:

- Order, Civil Action No. 1:92-CV369, entered in this Court on July 30, 2003;

- Order, Civil Action No. 1:92-CV369, entered in this Court on May 21, 2003;

- Order, Civil Action No. 1:92-CV369, entered in this Court on August 13, 2002;

- Order, Civil Action No. 1:92-CV369, entered in this Court on March, 2002; and

- Order, Civil Action No. 1:92-CV369, entered in this Court on November 30, 2001.

4.    Based on the foregoing findings, and being satisfied that the proposed transfer satisfies all applicable statutory requirements as set forth in the Act, it is hereby ORDERED, ADJUDGED and DECREED that the Application is GRANTED as follows:

A.    The transfer by MARTIN to 321 Henderson of the Transferred Payments is hereby APPROVED. No approval is given as to the transfer of any other structured settlement payment rights.

B.    Notwithstanding anything to the contrary elsewhere, only the following Transferred Payments, including to-wit:

- monthly payments of **$100.42** each, beginning on 2/1/2005 and ending on 7/1/2014,

shall be sent by Transamerica to 321 Henderson at the following address: 321 Henderson Receivables Limited Partnership, P.O. Box 7780-4244, Philadelphia PA 19182-4244, or such other address as 321 Henderson and its successors and/or assigns may designate upon written

notice to Transamerica[1]. Transamerica shall not be required to change the address for any of the Transferred Payments absent payment of a reasonable administrative fee. In no event shall Transamerica be required to divide or split any of the Transferred Payments between two or more transferees or assignees. Further, any such change of address or assignment by Transferee of its rights in the Transferred Payments shall in no way relieve the Transferee of its obligations hereunder.

C.  The death of MARTIN prior to the due date of the last Transferred Payment shall not adversely affect the transfer of the Transferred Payments from MARTIN to 321 Henderson, and MARTIN understands he is giving up his rights to the Transferred Payments.

D.  321 Henderson and its successors and/or assigns shall defend, indemnify and hold harmless (collectively, the "Indemnity") Transamerica from any claims, liability or damages, including, but not limited to, reasonable costs and attorneys' fees, arising from or in connection with (a) any disclosures made in or related to this Stipulation and Order; and (b) compliance by Transamerica with this Stipulation and Order; and/or (c) the Transferee's failure to comply with the Act. As security for any amounts owed under the Indemnity, 321 Henderson grants, and MARTIN consents to such grant, to Transamerica all rights of offset, setoff and recoupment with respect to the Transferred Payments. 321 Henderson shall also pay a $500 administrative fee to the Annuity Issuer in connection with the closing of the transfer approved by this Stipulation and Order.

E.  321 Henderson and MARTIN agree that the terms of this Stipulation and Order are based exclusively upon the facts, representations and circumstances of this particular

---

[1] Payee hereby consents to, and the Court orders that Structured Settlement Obligor and Annuity Issuer make the Transferred Payments payable to 321 Henderson or its successors and assigns.

case. Nothing in this Stipulation and Order shall preclude Transamerica from contesting any other proposed transfer of structured settlement payment rights, whether on the basis of applicable law, service of process or otherwise. This Stipulation and Order is entered without prejudice to the rights of Transamerica, and the Court makes no findings regarding the enforceability of any non-assignment provision(s) contained in the structured settlement agreement or related documents; provided, however, that the transfer of the Transferred Payments, as provided in this Stipulation and Order shall be valid and enforceable against the parties hereto and their successors and assigns. Neither this Stipulation and Order or Transamerica's lack of opposition to this matter, shall serve as precedent or evidence in any way nor be cited in any matter (except in connection with enforcement of the terms of this Stipulation and Order). This Stipulation and Order shall not constitute a finding or determination by the Court, or an admission or acknowledgement by the parties that the Uniform Commercial Code does or does not apply to the transaction at issue. Nothing contained in this Stipulation and Order shall be deemed to afford MARTIN or 321 Henderson any rights of ownership or control of the Annuity or shall otherwise affect the exclusive ownership and control of the Annuity by the Structured Settlement Obligor.

F. Pursuant to the Act, this Court orders that Transamerica is hereby discharged and immune from all liability to the Payee, anyone claiming through the Payee, or to any other person or entity (except 321 Henderson per the terms of this Stipulation and Order) for the Transferred Payments or for disclosures made in or related to this Stipulation and Order.

G. Compliance with the requirements and fulfillment of the conditions set forth in the Act shall be solely the responsibility of the Transferee in the transfer of the Transferred Payments, and Transamerica shall not bear any responsibility for, or any liability arising from, non-compliance with those requirements or failure to fulfill those requirements or

conditions. Without limiting the foregoing, Transamerica may rely on the entry of this order in making the specified Transferred Payments.

5. Transamerica is entering into this Stipulation and Order strictly and solely in reliance upon the Court's approval and upon the representations, warranties and agreements of the Transferee and Payee hereunder, and only for the purpose of reflecting that Transamerica has no objection to its terms, if approved by the Court at the hearing set for this matter. Further, each of the parties acknowledges that each has had the opportunity to participate in the preparation of this Stipulation and Order and, as such, no rule of construction shall apply which might construe this Stipulation and Order in favor of or against any party hereto.

6. Any conclusions of law contained in the foregoing paragraphs, which may be construed as findings of fact, shall be treated as findings of fact.

7. IT IS HEREBY ORDERED that the Stipulation and Order outlined above is approved in its entirety and its terms are incorporated herein as the Order of this Court. Counsel for Petitioners shall send certified copies of this Stipulation and Order to the interested parties. This Stipulation and Order may be executed in any number of counterparts, each of which, when executed and delivered shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same. Signatures received by facsimile or telecopy shall be deemed originals.

8. The persons signing below represent and warrant that they have authority to execute this Stipulation and Order. Such signatures shall be binding upon the parties, and shall inure to the benefit of the parties hereto, and their respective directors, shareholders, officers, agents, employees, servants, successors, heirs, executors, administrators, and assigns.

IN WITNESS WHEREOF, the parties have executed this agreement by their duly authorized representatives.

**AGREED TO IN FORM AND SUBSTANCE:**

**PAYEE,**

_____
Gabriel Martin a/k/a Gabriel M. Martin a/k/a Gabriel Matthew Martin

**PAYEE, by his attorney,**

_____
Charles White, Esq.
5515 South Sherwood Blvd., Suite #3
Baton Rouge, Louisiana 70816

**321 HENDERSON RECEIVABLES LIMITED PARTNERSHIP, By its attorney,**

_____
John G. Toerner, Esq. (Bar No. 23575)
104 North Cypress Street
Hammond, Louisiana 70401

**The undersigned has no objections to the foregoing:**

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY and TRANSAMERICA ANNUITY SERVICE CORPORATION, by their attorneys,**

_____
Richard M. Rubenstein, Esq.
Monty Jackson, Esq.
AEGON Center, 8th Floor
400 West Market Street
Louisville, Kentucky 40202

**IT IS HEREBY ORDERED**

_____
Hon.

Dated this _____ day of _____, _____.

**STIPULATION AND ORDER OF COURT – Page 9 of 9**  NO. 1:92-CV369

IN WITNESS WHEREOF, the parties have executed this agreement by their duly authorized representatives.

**AGREED TO IN FORM AND SUBSTANCE:**

| PAYEE, | 321 HENDERSON RECEIVABLES LIMITED PARTNERSHIP, By its attorney, |
|---|---|
| *(signature)* | |
| Gabriel Martin a/k/a Gabriel M. Martin a/k/a Gabriel Matthew Martin | John G. Toerner, Esq. (Bar No. 23575)<br>104 North Cypress Street<br>Hammond, Louisiana 70401 |

**PAYEE, by his attorney,**

The undersigned has no objections to the foregoing:

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY and TRANSAMERICA ANNUITY SERVICE CORPORATION, by their attorneys,**

Charles White, Esq.
5515 South Sherwood Blvd., Suite #3
Baton Rouge, Louisiana 70816

*(signature)*

Richard M. Rubenstein, Esq.
Monty Jackson, Esq.
AEGON Center, 8th Floor
400 West Market Street
Louisville, Kentucky 40202

**IT IS HEREBY ORDERED**

_____
Hon.

Dated this _____ day of _____, _____.

IN WITNESS WHEREOF, the parties have executed this agreement by their duly authorized representatives.

**AGREED TO IN FORM AND SUBSTANCE:**

PAYEE,

*[signature]*

Gabriel Martin a/k/a Gabriel M. Martin a/k/a Gabriel Matthew Martin

PAYEE, by his attorney,

*[signature]*

Charles White, Esq.
5515 South Sherwood Blvd., Suite #3
Baton Rouge, Louisiana 70816

321 HENDERSON RECEIVABLES LIMITED PARTNERSHIP, By its attorney,

_____
John G. Toerner, Esq. (Bar No. 23575)
104 North Cypress Street
Hammond, Louisiana 70401

The undersigned has no objections to the foregoing:

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY and TRANSAMERICA ANNUITY SERVICE CORPORATION, by their attorneys,

*[signature]*

Richard M. Rubenstein, Esq.
Monty Jackson, Esq.
AEGON Center, 8th Floor
400 West Market Street
Louisville, Kentucky 40202

**IT IS HEREBY ORDERED**

*[signature]*

Hon. _____

Dated this __2__ day of __March__, 2005